UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

JOHN DOE,
        Plaintiff

-against-

THE CITY OF NEW YORK, NEW YORK
POLICE DEPARTMENT, ROBERT PEREZ,
NYPD OFFICER JOHN DOE ORTIZ and NYPD
OFFICER JANE DOE, and JOHN DOES 1 – 10,
        Defendants.

---------------------------------------------------------------x

Docket No.: 16 CV 10067

COMPLAINT

Plaintiff, as and for his complaint, says:

1. Plaintiff was previously a resident of Suffolk County, New York.

2. Defendant City of New York is a municipal corporation with responsibility for defendant New York Police Department and its employees.

3. Defendant John Doe Ortiz is a uniformed officer employed by defendant City of New York\New York Police Department. Defendant Ortiz' full name is unknown to plaintiff at this time. The complaint is made subject to amendment.

4. Defendant JANE DOE is a uniformed employee of the New York Police Department. Her identity is unknown to plaintiff at this time. The Complaint is made subject to amendment to reflect defendant JANE DOE's accurate name.

5. Upon information and belief, defendant Robert Perez is a resident of Nesconsett, New York located in Suffolk County. It is not known whether defendant Perez is or was a State actor at the time of the events complained of herein.

## JURISDICTION AND VENUE

6. The Court has jurisdiction pursuant to 28 U.S.C. Section 1331.

7. Venue is properly laid inasmuch as the events herein complained of occurred in the

Southern District of New York.

## STATEMENT OF FACTS

8. While plaintiff was a resident of Suffolk County, New York, an individual believed to be defendant Robert Perez stalked plaintiff on several occasions.

9. Defendant ORTIZ and Defendant DOE repeatedly followed plaintiff within New York County, while In uniform and on duty. ORTIZ and JANE DOE most often followed plaintiff on Friday evenings when plaintiff went to meet plaintiff's (then) boyfriend.

10. On or about December 31st, 2012, plaintiff and plaintiff's (then) boyfriend met with friends at a restaurant in Manhattan.

11. Defendants had orchestrated a scheme in which, at dinner, plaintiff's boyfriend was approached by another male asking for plaintiff's (then) boyfriend's telephone number and ostensibly flirting with plaintiff's (then) boyfriend.

12. This activity was repeated and intrusive and had the intended effect of causing discord between plaintiff and plaintiff's boyfriend. After excusing themselves to discuss the matter privately, in another area of the restaurant, plaintiff's boyfriend suggested that they leave the restaurant and go back to the boyfriend's apartment.

13. Plaintiff and his partner left the restaurant in order to hail a taxi. Upon exiting the restaurant, plaintiff immediately noticed two NYPD vehicles parked in front of the restaurant.

14. Upon information and belief, one of the officers present was Officer JANE DOE.

15. Plaintiff and his partner walked a little further up the street, located a vacant taxi which was stuck in traffic, and got in. While the cab was still stuck in traffic, defendant ROBERT PEREZ drove up behind the cab.

16. The purpose of defendants' actions was to cause disruption to plaintiff's romantic relationship.

17. Defendants could only have known of plaintiff's plans by unlawfully monitoring plaintiff's boyfriend's internet activity. Even if defendants had obtained a warrant to intercept the internet activity of plaintiff's (then) boyfriend, such warrant was obtained by false affidavits.

18. Further, as this case demonstrates, the genuine motivation for monitoring the internet activity of plaintiff's boyfriend was to engage in unlawful Racketeering conduct.

19. Unless defendants have also engaged in similar behavior toward heterosexual couples, defendants were motivated by anti-homosexual animus in their actions.

20. Defendant NYPD's actions related to continued stalking of plaintiff as well as other unlawful activity, are ongoing.

21. Upon information and belief, on August 10, 2016, Defendant NYPD, in conjunction with members of the FDNY blocked 36th Street in order to prevent plaintiff from traveling East to Long Island, where they knew plaintiff went on said date, every year, without exception.

### FIRST COUNT: VIOLATION OF 42 U.S.C. Section 1983

22. Paragraphs 1 - 21 are repeated and realleged as though fully set forth and incorporated by reference herein.

23. Defendant NYPD's ongoing actions are violative of rights secured to plaintiff under the Constitution and laws of the United States as well as the State of New York.

24. Plaintiff enjoyed fundamental rights of privacy and intimate association protected by the Fifth and 14th Amendments to the U.S. Constitution.

25. Defendants' actions violated both of these fundamental rights and therefore 42 U.S.C. Section 1983.

26. As a direct and proximate result of defendants' conduct, plaintiff has been caused to suffer

injury and is entitled to an award of compensatory and punitive damages therefor.

SECOND COUNT:  VIOLATION OF 42 U.S.C. Section 1985(3)

27.  Paragraphs 1 - 26 are repeated and realleged as though fully set forth and incorporated by reference herein.

28.  In the event that any of the defendants is not a State actor as that term is defined by 42 U.S.C. Section 1983 and cases thereunder, defendants' actions were undertaken in concert with State actors for the purpose of interfering with plaintiff's rights of privacy and intimate association in violation of 42 U.S.C. Section 1985(3).

29. As a direct and proximate result of defendants' conduct, plaintiff has been caused to suffer injury and is entitled to an award of compensatory and punitive damages therefor.

WHEREFORE, plaintiff demands judgment against defendants jointly and severally, together with costs, attorney's fees, and such other and further relief as to the Court may appear just and proper.

Dated:  December 30, 2016

_____
John Doe
c/o 446 W. 36th Street
New York, NY 10018